IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No. 09-10169 |
| | ) (Consolidated for Administration) |
| EXCALIBUR MACHINE CO., INC.; | ) Chapter 11 |
| CAMELOT CONSOLIDATED, INC.; BLADE | ) Docket No. ____ |
| TRANSPORT, INC.; MULTI-PLASTICS, INC.; | ) |
| MULTI-TOOL, INC.; MULTI-PLASTICS OF | ) |
| NEW MEXICO, INC.; SIPCO, INC.; AND, | ) |
| E.A.H. INDUSTRIES, INC., | ) |
| | ) |
| Debtors-in-possession | ) |
| | ) |
| EXCALIBUR MACHINE CO., INC., | ) |
| ET AL., | ) |
| | ) |
| Movants | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONAL CITY BANK OF | ) |
| PENNSYLVANIA, F.N.B. CAPITAL | ) |
| CORPORATION, LLC, FIRST | ) |
| NATIONAL BANK OF | ) |
| PENNSYLVANIA, S&T BANK, | ) |
| MERCER COUNTY STATE BANK, | ) |
| LARRY G. SIPPY, LON D. | ) |
| SIPPY, AND SIPCO MOLDING | ) |
| TECHNOLOGIES, INC., | ) |
| | ) Date and Time of Hearing: |
| Respondents | ) February 6, 2009 at 10:00 a.m. |

## MOTION FOR EMERGENCY ORDER AUTHORIZING
## USE OF CASH COLLATERAL

AND NOW, this 2nd day of February, 2009, come the debtors-in-possession, by and through their counsel, with this Motion for Emergency Order Authorizing Use of Cash Collateral, as follows:

1. The debtors-in-possession filed separate voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code on January 31, 2009. The debtors-in-possession are

represented by Guy C. Fustine, Esquire and Joseph F. Gula, III, Esquire, Knox McLaughlin Gornall & Sennett, P.C., 120 West Tenth Street, Erie, Pennsylvania 16501.

2. Debtors filed a separate, identical motion for joint administration in each of the eight (8) affiliated Chapter 11 cases. A short description of each debtor and business enterprise is contained in the motion for joint administration, which allegations are incorporated herein by reference.

3. Respondent National City Bank of Pennsylvania maintains a place of business at 20 Stanwix Street, Pittsburgh, PA 15222 and is represented by Norman E. Gilkey, Esquire, Babst Calland Clements & Zomnir, P.C., Two Gateway Center, 8th Floor, Pittsburgh, PA 15222.

4. Respondent F.N.B. Capital Corporation, LLC maintains a place of business at 5004 McKnight Road, Pittsburgh, PA 15237 and is represented by Gary R. Walker, Esquire, Eckert Seamans Cherin & Mellott, LLC, U.S. Steel Tower, 600 Grant Street, 44th Floor, Pittsburgh, PA 15219.

5. Respondent First National Bank of Pennsylvania maintains a place of business at One FNB Boulevard, Hermitage, PA 16148.

6. Respondent S&T Bank maintains a place of business at 800 Philadelphia Street, Indiana, PA 15701. S&T Bank is represented by James. F. Grenen, Esquire, Grenen & Birsic, P.C., One Gateway Center, Ninth Floor, Pittsburgh, PA 15222.

7. Respondent Mercer County State Bank maintains a place of business at 3279 South Main Street, Box 38, Sandy Lake, PA 16145.

8. Respondent Larry G. Sippy maintains an address at 23226 State Highway 198, Saegertown, PA 16433. Larry G. Sippy is represented by Gary M. Alizzeo, Esquire, Shafer Law Firm, 360 Chestnut Street, Meadville, PA 16335.

9. Respondent Lon D. Sippy maintains an address at 21441 German Road, Meadville, PA 16335. Lon D. Sippy is also represented by Gary M. Alizzeo, Esquire, of the Shafer Law Firm.

10. Respondent Sipco Molding Technologies, Inc. maintains a place of business or mailing address at 1099 Morgan Village Road, P.O. Box 725, Meadville, PA 16335.

11. The Debtors owe Respondents the following approximate amounts, which are secured to the extent of the value of the Respondents' collateral respectively, including the Debtors' accounts receivable and cash, as follows:

| Name of Respondent | Amount | Primary Obligors |
|---|---|---|
| National City Bank of Pennsylvania | $6,878,000 | Excalibur |
| F.N.B. Capital Corporation, LLC | $3,000,000 | Excalibur |
| First National Bank of Pennsylvania | $_____ | Camelot and Blade |
| S&T Bank | $3,630,000 | Multi-Plastics and Multi-Tool |
| Mercer County State Bank | $1,668,000 | Sipco |
| Larry G. Sippy | $1,000,000 | Sipco |
| Lon D. Sippy | $1,000,000 | Sipco |
| Sipco Molding Technologies, Inc. | $164,000 | E.A.H. |

12. The accounts receivable and cash constitute property of the estate under Section 541 of the Bankruptcy Code, 11 U.S.C. §541,

13. Debtors employ approximately 275 employees.

14. The Debtors were in the process of consolidating when they experienced problems with "systems integration" for accounting purposes, even though the consolidation has been successful from a manufacturing stand point.

15. National City Bank declared a default under the Bank's asset-based loan with Excalibur and, in combination with the debtors' voluntary agreement to enter into a lockbox, resulted in set-offs being taken to reduce the alleged over-advance. The involuntary payments to

reduce the alleged over-advance left the debtors with insufficient cash flow to continue the operation of the business without the relief afforded under Chapter 11.

16. With the relief afforded under Chapter 11, the debtors will continue to operate in the ordinary course of business, and will provide its secured creditors, including but not limited to National City Bank, with "adequate protection" as defined in the Bankruptcy Code.

17. Debtors will pay their administrative expenses as they become due.

18. Debtors intend to reorganize on a consolidated basis including, however, the possibility that the Debtors may seek Court approval to sell some of the assets as a going concern before the Plan is filed.

19. In any event, Debtors require the use of their cash now in order to pay operating expenses, to make necessary repairs and to maintain the going concern value of the businesses.

20. Respondents are adequately protected and will benefit from the Chapter 11 process.

21. Continuation of the Debtors' businesses will prevent the diminution in value of the Debtors' assets and will provide the Respondents with the indubitable equivalent value of their claims as of the Petition date going forward.

22. Attached hereto as Exhibit A is a proposed operating budget for February and March, 2009. The budget includes a monthly escrow for legal and accounting fees.

23. In accordance with the attached budget, the Debtors' businesses can be operated profitably in the ordinary course of business.

24. The budget proposes to pay interest only on certain equipment leases which may actually be installment sale contracts, based in part upon a nominal buyout at the end of the lease term. Accordingly, the budget provides for adequate protection payments to said parties in an

amount equal to the interest portion of the monthly contract payment pending a determination as to whether the involved contract is a true lease or an installment sale contract and, if determined to be a true lease, pending a decision by the Debtors whether to assume or reject the lease under Section 365 of the Bankruptcy Code, 11 U.S.C. §365.

25. Likewise, the budget proposes to make adequate protection payments on the secured claims of the Respondents in amounts equal to the interest which accrues monthly on the primary obligations.

26. There is no payment proposed under the budget based upon any of the numerous cross-guarantees.

27. Debtors propose to provide additional adequate protection to the Respondents by transferring Respondents' liens and security interests to the Debtors' post-Petition assets with the same force and effect as the Respondents' liens and security interests attached to the Debtors' pre-Petition assets.

28. Post-Petition receivables and cash will be generated in the operation of the businesses. Respondents will be adequately protected by the transfer of their liens and security interests to the post-Petition assets.

29. Unless the Debtors receive immediate authorization to use cash collateral, they may be forced to close down their businesses. If the Debtors are forced to close the businesses, approximately 275 people will be out of work, the going concern value of the assets will be lost, and the possibility of a reorganization will be eliminated.

30. The use of cash collateral is necessary to the continued operation of the businesses.

31. Debtors request an order authorizing the use of cash collateral to avoid immediate and irreparable harm to the Debtors and to the estates.

32. By filing this Motion, no party, including but not limited to the Debtors, waives any right to contest any lien or security interest, and no party admits hereby that the Respondents hold valid, perfected, enforceable and/or unavoidable pre-Petition liens or security interests. In addition, no party waives any right to object to the characterization of the payments provided for herein, if any.

33. A proposed Interim Order is attached hereto. If approved by the Court, the entry of the attached Order would be in the best interest of the Debtors, the Respondents, and other creditors.

WHEREFORE, the Debtors request that they be authorized to use cash collateral in accordance with the foregoing motion, proposed order and attached budget; and, that they have such other and further relief as is reasonable and just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Attorneys for Debtors-in-possession

By: _/s/ Guy C. Fustine_
    Guy C. Fustine
    PA I.D. No. 37543
    120 West Tenth Street
    Erie, Pennsylvania 16501-1461
    (814) 459-2800

#821206