IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-10169-TPA |
| | ) | (Consolidated for Administration) |
| EXCALIBUR MACHINE CO., INC.; | ) | Chapter 11 |
| CAMELOT CONSOLIDATED, INC.; BLADE | ) | |
| TRANSPORT, INC.; MULTI-PLASTICS, INC.; | ) | Docket No. ____ |
| MULTI-TOOL, INC.; MULTI-PLASTICS OF | ) | |
| NEW MEXICO, INC.; SIPCO, INC.; AND, | ) | |
| E.A.H. INDUSTRIES, INC., | ) | |
| | ) | |
| Debtors-in-Possession | ) | |
| | ) | |
| EXCALIBUR MACHINE CO., INC.; | ) | |
| CAMELOT CONSOLIDATED, INC.; | ) | |
| BLADE TRANSPORT, INC.; MULTI- | ) | |
| PLASTICS, INC.; MULTI-TOOL, INC.; | ) | |
| MULTI-PLASTICS OF NEW | ) | |
| MEXICO, INC.; SIPCO, INC.; AND, | ) | |
| E.A.H. INDUSTRIES, INC., | ) | |
| | ) | |
| Movants | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL CITY BANK (FORMERLY | ) | |
| NATIONAL CITY BANK OF | ) | |
| PENNSYLVANIA); F.N.B. CAPITAL | ) | |
| CORPORATION, LLC; SAMUEL | ) | |
| SON & CO., INC.; AND | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, DEPARTMENT OF | ) | |
| REVENUE, BUREAU OF | ) | |
| CORPORATION TAXES, | ) | |
| | ) | |
| Respondents | ) | |

**MOTION FOR PRIVATE SALE OF PROPERTY FREE AND DIVESTED OF LIENS**

AND NOW, this 14th day of October, 2009, comes Excalibur Machine Co., Inc.; Camelot Consolidated, Inc.; Blade Transport, Inc.; Multi-Plastics, Inc.; Multi-Tool, Inc.; Multi-Plastics of New Mexico, Inc.; Sipco, Inc.; and, E.A.H. Industries, Inc., (hereinafter referred to as "Debtors"

or "Movants"), by and through their counsel, Knox McLaughlin Gornall & Sennett, P.C., with this Motion for Private Sale of Property Free and Divested of Liens, as follows:

1. The Bankruptcy Court has jurisdiction over this Motion under 28 U.S.C. Section 1334, 28 U.S.C. Section 157(a) and the order of reference to the Bankruptcy Court effective in the Western District of Pennsylvania. This is a core proceeding under the 28 U.S.C. Section 157(b). This Motion is filed pursuant to 11 U.S.C. Section 363, Bankruptcy Rules 6004, 9014 and 2002, Local Rule 6004-1, General Court Procedure No. 3, and the General Procedures Applicable to Chief Judge Agresti Cases.

2. On January 31, 2009, Debtors filed separate Petitions for Relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Pennsylvania at Erie. The cases were consolidated for administration at the above-referenced Chapter 11 case number by Order dated February 6, 2009 at Docket No. 30.

3. The Debtors are represented by Guy C. Fustine, Esquire, Joseph F. Gula, III, Esquire and Knox McLaughlin Gornall & Sennett, P.C., 120 West 10th Street, Erie, PA 16501.

4. The Official Committee of Unsecured Creditors (hereinafter referred to as the "Creditors' Committee" or the "Committee"), which was appointed by the Office of the United States Trustee, is represented by William C. Price, Esquire, McGuire Woods LLP, 625 Liberty Avenue, 23rd Floor, Pittsburgh, PA 15222-3142.

5. Respondent National City Bank (formerly National City Bank of Pennsylvania), with a place of business or mailing address at National City Bank (now a part of PNC Bank), 249 Fifth Avenue, Pittsburgh, PA 15222, is represented by Norman E. Gilkey, Esquire, Babst Calland Clements & Zomnir, P.C., Two Gateway Center, 8th Floor, Pittsburgh, PA 15222.

6. Respondent F.N.B. Corporation, LLC, with a place of business or mailing address at 5004 McKnight Road, Pittsburgh, PA 15237, is represented by James R. Walczak, Esquire, MacDonald Illig Jones & Britton, LLP, 100 State Street, Suite 700, Erie, PA 16507.

7. Respondent, Samuel Son & Co., Inc. ("Samuel"), with a place of business at 4334 Walden Avenue, Lancaster, NY 14086, is represented by Duke, Holzman, Photiadis & Gresens, LLP, Michael J. Lombardo, Esquire, 1800 Main Place Tower, 350 Main Street, Buffalo, NY 14202, and locally by Elderkin Martin Kelly & Messina, Thomas J. Minarcik, Esquire, 150 East Eighth Street, Erie, PA 16501-1269.

8. Respondent, Commonwealth of Pennsylvania, Department of Revenue, Bureau of Corporation Taxes, maintains a place of business or mailing address at Pennsylvania Department of Revenue, Bankruptcy Division, Bureau of Compliance, 9th Floor, Strawberry Square, Harrisburg, PA 17128, and is represented by T. Lawrence Palmer, Esquire, Office of Attorney General, 564 Forbes Avenue, 5th Floor, Manor Building, Pittsburgh, PA 15219.

9. The Debtor, Excalibur Machine Co., Inc. maintains places of business at 9723 U.S. Highway 322, Conneaut Lake, PA 16335; 6103 Highway 6, Linesville, PA 16424; and, 10730 McHenry Street, Meadville, PA 16335, with a mailing address at South Street Extension, Route 198, Saegertown, PA 16433 (hereinafter referred to as "Excalibur").

10. Blade Transport, Inc. maintains a place of business at 8309 Hartstown Road, Hartstown, PA 16131, with a mailing address at South Street Extension, Route 198, Saegertown, PA 16433 (hereinafter referred to as "Blade").

11. Camelot Consolidated, Inc. maintains a place of business at 9723 U.S. Highway 322, Conneaut Lake, PA 16335, with a mailing address at South Street Extension, Route 198, Saegertown, PA 16433 (hereinafter referred to as "Camelot").

12. Excalibur, Camelot and Blade are sometimes hereinafter referred to as the "Debtor/Sellers".[1]

13. The Debtor/Sellers are engaged in the manufacture, sale and transportation of metals products for the power generation, rail transportation, material handling, military and mining industries (the "Business").

14. The Debtor/Sellers' Chapter 11 estates include tangible and intangible personal property owned by the Debtor/Sellers and used in connection with the operation of the Business, including but not limited to the Debtor/Sellers' machinery, fabrications and equipment, accounts receivable and inventory, raw material, work in progress and other inventory, finished inventory, intellectual properties, customer lists, customer relationships, software and names (hereinafter referred to as the "Operating Assets").

15. The Debtor/Sellers' Chapter 11 estates also include unexpired leases and executory contracts which may be assumed or rejected by the Debtors in accordance with Section 365 of the Bankruptcy Code (11 U.S.C. §365). A separate motion will be filed for that purpose. The motion will identify the executory contracts and/or unexpired leases to be assumed and assigned, if any.

16. Subject to Bankruptcy Court approval, Debtor/Sellers have entered into an Asset Purchase Agreement dated September 30, 2009 (hereinafter referred to as the "Agreement") to sell the Operating Assets to Esmark, Inc., a Delaware corporation (hereinafter referred to as "Esmark"). Eric A. Hoover and Annette K. Hoover, his wife, have entered into the Agreement to sell their real property located at 9723 U.S. Highway 322, Conneaut Lake, PA 16335, as a

---

[1] Multi-Plastics, Inc., Multi-Tool, Inc. and Multi-Plastics of New Mexico, Inc. have entered into an agreement with their primary secured creditor, S&T Bank, for the Debtors to run-out S&T Bank's collateral in accordance with a bankruptcy court approved cash collateral budget. Furthermore, Mercer County State Bank has been granted relief from stay regarding its secured claim against Sipco, Inc. and E.A.H. Industries, Inc.

part of the same transaction; and Hoover Realty Group, LP, a Pennsylvania limited partnership has also entered into the Agreement to sell its real property located at 6103 Highway 6, Linesville, PA 16424 and at 10730 McHenry Street, Meadville, PA 16335, as a part of the same transaction, all of which is more fully described in the Agreement. The above-referenced real property owned by Mr. and Mrs. Hoover and the above-referenced real property owned by Hoover Realty Group, LP are hereinafter sometimes referred to collectively as the "Real Property". Mr. and Mrs. Hoover and Hoover Realty Group, LP are hereinafter sometimes referred to collectively as the "Real Property Sellers".

17. Esmark is represented by Quinn Buseck Leemhuis Toohey & Kroto, Inc., 2222 West Grandview Boulevard, Erie, PA 16506, Attention: Lawrence C. Bolla, Esquire.

18. A copy of the Agreement is attached hereto and incorporated herein by reference as Exhibit A.

19. The consideration to be paid by Esmark at the time of Closing under the Agreement is $3,500,000, subject to higher offers which may be received at the time of the sale confirmation hearing in accordance with court-approved bidding procedures, plus an additional $100,000 earmarked for estate professional fees and expenses.

20. The Operating Assets and Real Property to be sold under the Agreement are hereinafter sometimes referred to collectively as the "Purchased Assets".

21. As a condition precedent to sale of the Operating Assets, the Real Property Sellers and the first mortgage holders shall have agreed to transfer the Real Property, and/or the interest of the mortgage holders therein, to Esmark in accordance with a written "Real Property Agreement" to be signed at or before the hearing on the bidding procedures. The Real Property Agreement shall be applicable to any qualified bidder.

22. Although the Real Property Sellers are affiliated with the Debtors as that term is defined in the Bankruptcy Code, the Real Property Sellers did not file bankruptcy petitions for relief and are not debtors under the jurisdiction of the Bankruptcy Court otherwise.

23. Respondents may have claims and/or liens against the Operating Assets to be sold under the Agreement, which claims and/or liens are more fully described as follows:

| Name of Respondent | Nature of Claim and Recording Information |
|---|---|
| National City Bank | Promissory Note from Excalibur dated 6/1/05, as modified on 12/3/07, in the maximum amount of $4,000,000. Security Agreement covers equipment, fixtures, inventory, chattel paper, accounts, general intangibles and proceeds. Financing Statement filed on 6/15/05 with the Secretary of the Commonwealth of PA at File No. 2005061701227, and on 10/6/06 at File No. 2006101101985. |
| National City Bank | Promissory Note from Excalibur dated 12/3/07 in the amount of $1,188,221. Security Agreement covers HNK Model VTC20/25, HNK Model 10/12F, accessories and proceeds. Financing Statement filed 12/20/07 at File No. 2007122003592 and 12/31/07 at File No. 2007123103987. |
| National City Bank | Promissory Note from Excalibur dated 2/23/07 in the amount of $500,000. Security Agreement covers accounts, equipment, inventory, chattel paper, general intangibles and proceeds. Financing Statement filed with the Secretary of the Commonwealth of PA on 2/26/07 at File No. 2007022701250. |
| National City Bank | Debt of Guaranty and Security Agreement (all inclusive) from Blade. UCC-1 Financing Statement filed against Blade on 10/6/06 and 2/26/07 at Financing Statement Nos. 2006101101973 and 2007022701224, respectively. |
| National City Bank | Debt of Guaranty and Security Agreement (all inclusive) from Camelot. UCC-1 Financing Statements filed against Camelot on 6/15/05 at Financing Statement No. 2005061701134, 10/6/06 at Financing Statement No. 2006101101947, 2/26/07 at Financing Statement No. 2007022701236, and 12/31/07 at Financing Statement No. 2007123103646. |

| F.N.B. Capital Corporation, LLC | Subordinated Note from Excalibur dated 10/6/06 in the amount of $3,000,000. Security Agreement covers accounts, contracts, inventory, equipment, fixtures, general intangibles and proceeds. Financing Statement filed with PA Secretary of State on 10/6/06 at Financing Statement No. 2006101101884. Subject to intercreditor and subordination agreement with National City Bank dated 10/6/06. |
|---|---|
| F.N.B. Capital Corporation, LLC | Debt of Guaranty and Security Agreement (all inclusive) with Blade. UCC-1 Financing Statement filed on 10/6/06 at Financing Statement No. 2006101101909. |
| F.N.B. Capital Corporation, LLC | Debt of Guaranty and Security Agreement (all inclusive) with Camelot. UCC-1 Financing Statement filed 10/6/06 at Financing Statement No. 2006101101846. |
| Samuel Son & Co., Inc. | Consignment Agreement covering stainless steel plate with Excalibur. Financing Statement filed 3/30/05 with PA Secretary of State at Financing Statement No. 2005033104241.[2] |
| Commonwealth of PA, Department of Revenue Bureau of Corporation Taxes | Possible unrecorded lien for corporate taxes. |

24. Debtors request that the proposed sale be ordered to take place free and clear of all liens, claims and encumbrances and other interest in and against the Operating Assets, as more fully described in the Agreement; and, that the liens, claims, encumbrances and other interests be divested from the Operating Assets and transferred to the proceeds of sale allocated to the Operating Assets under the Agreement.

25. The Agreement provides that the price which is subject to bidding for the Purchased Assets is $3,500,000 to be allocated evenly between the Operating Assets and the Real Property, i.e. $1,750,000 for the Operating Assets and $1,750,000 for the Real Property. The Agreement provides that an additional $100,000 shall be paid at closing, over and above

---

[2] The nature, extent and validity of the alleged secured claim of Samuel Son & Co. ("Samuel") was determined by Opinion and Order of the Honorable Warren W. Bentz dated May 13, 2009 at Docket No. 246. The Opinion and Order denied Samuel's objection to the Debtors' motion for authority to use cash collateral.

the $3,500,000 purchase price, earmarked specifically for the professional fees and costs of the attorney for the Debtors, the accountant for the Debtors and the attorney for the Creditors' Committee.

26. Debtors request that the expenses and costs of sale, and the costs and expenses of bankruptcy administration, be paid in full from the amounts earmarked for professional fees, and from the proceeds of sale allocated to the Operating Assets, before any distribution to creditors, subject to the rights of National City Bank and F.N.B. Capital Corporation, LLC.

27. If possible, Debtors will deliver the instruments of transfer contemplated by this Motion under a plan of reorganization in accordance with the special tax provisions of 11 U.S.C. Section 1146(c), provided that the legal requirements have been met.

28. Notwithstanding the Debtors' intention to reorganize, the Debtors now believe that the best way to maximize the value is to sell the Operating Assets as a going-concern in the form and manner contemplated by the Agreement. Otherwise, given the Debtors losses in the past, it may not be possible to preserve the going-concern value of the assets or the remaining jobs. For this reason, a sale in advance of a plan is justified.

29. The best interest of creditors and the bankruptcy estates will be served if the Debtors are authorized to sell the Operating Assets as a going concern in the form and manner contemplated by the Agreement.

30. Esmark understands that the Debtors are obligated to present the Agreement to the Bankruptcy Court for approval and that other "Qualified Bidders" will be given an opportunity to bid more for the Purchased Assets at the time of the sale confirmation hearing. Any higher bid, however, must be submitted in accordance with court-approved bidding procedures. However, if a higher bid is made in accordance with court-approved bidding procedures, it is

contemplated that the proposed sale to Esmark will be denied by the Bankruptcy Court and that the Bankruptcy Court will conduct a public auction of the Purchased Assets, to be held by the Bankruptcy Court at the time scheduled for the sale confirmation hearing. Esmark would be permitted to bid at such public auction.

31. Esmark is acting in good faith as required by <u>In re: Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F2d 143 (3rd Cir. 1986).

32. If approved by the Court, the bidding procedures will require that the terms and conditions of any competing bid must be the same as the terms and conditions set forth in the Agreement, except:

(a) The purchase price must be higher as required by the Court-approved bidding procedures;

(b) Qualified Bidders must either waive the financing condition, or must have any necessary financing available before the Registration Deadline for bidding at the Sale Hearing; and,

(c) If the high bidder is not Esmark, the high bidder would have the right to designate the same or different executory contracts and/or unexpired leases to be assumed by the Debtors and assigned to the purchaser. This will not affect the bidding process because it is the buyer's responsibility to cure any arrearages on the contracts and leases to be renegotiated and/or assumed and assigned.

33. The Purchased Assets are available for inspection. Arrangements for inspection should be made with the undersigned attorney for the Debtors. Any and all interested parties should act promptly. The Debtors reserve the right to oppose any request for a continuance of the sale confirmation hearing.

34. Any person or entity potentially interested in bidding should contact the Debtors' attorney for information on how to become a Qualified Bidder.

35. Due diligence information concerning the Purchased Assets is available to the Qualified Bidders.

36. There is no sale commission or brokerage fee due with respect to this transaction regarding the Operating Assets or the Real Property.

WHEREFORE, Debtors pray for entry of an Order (1) authorizing the Debtors to sell the Operating Assets free and clear of the above-described liens, claims, encumbrances and other interests to Esmark, in accordance with the Agreement, subject to higher offers; (2) ordering that all liens, claims, encumbrances and other interests in, to and against the Operating Assets be divested therefrom; (3) ordering that said liens, claims, encumbrances and other interests be transferred to the proceeds of sale allocated to the Operating Assets, but only to the extent that they are found to be valid, enforceable and unavoidable liens, claims, encumbrances and other interests; (4) ordering that the sale and bankruptcy costs be paid from the amounts earmarked for costs, and from the proceeds of sale allocated to the Operating Assets, in advance of any distribution to creditors, but subject to the secured creditor rights of National City Bank and F.N.B. Capital Corporation, LLC; and, (5) ordering that the Debtors have such other and further relief as is reasonable and just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Attorneys for Debtors

By: */s/ Guy C. Fustine*
 Guy C. Fustine
 PA I.D. No. 37543
 120 West Tenth Street
 Erie, Pennsylvania 16501-1461
 (814) 459-2800
 gfustine@kmgslaw.com

# 862656.v1