IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 09-10169-TPA |
| | ) | (Consolidated for Administration) |
| EXCALIBUR MACHINE CO., INC.; | ) | Chapter 11 |
| CAMELOT CONSOLIDATED, INC.; BLADE | ) | |
| TRANSPORT, INC.; MULTI-PLASTICS, INC.; | ) | Docket No. ____ |
| MULTI-TOOL, INC.; MULTI-PLASTICS OF | ) | |
| NEW MEXICO, INC.; SIPCO, INC.; AND, | ) | |
| E.A.H. INDUSTRIES, INC., | ) | |
| | ) | |
| Debtors-in-Possession | ) | |
| | ) | |
| EXCALIBUR MACHINE CO., INC.; | ) | |
| CAMELOT CONSOLIDATED, INC.; | ) | |
| BLADE TRANSPORT, INC.; MULTI- | ) | |
| PLASTICS, INC.; MULTI-TOOL, INC.; | ) | |
| MULTI-PLASTICS OF NEW | ) | |
| MEXICO, INC.; SIPCO, INC.; AND, | ) | |
| E.A.H. INDUSTRIES, INC., | ) | |
| | ) | |
| Movants | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL CITY BANK (FORMERLY | ) | |
| NATIONAL CITY BANK OF | ) | |
| PENNSYLVANIA); F.N.B. CAPITAL | ) | |
| CORPORATION, LLC; SAMUEL | ) | |
| SON & CO., INC.; AND | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, DEPARTMENT OF | ) | |
| REVENUE, BUREAU OF | ) | |
| CORPORATION TAXES, | ) | |
| | ) | |
| Respondents | ) | |

## MOTION TO APPROVE BIDDING PROCEDURES AND ENTITLEMENT TO BREAK-UP FEE, WITH REQUEST FOR EXPEDITED HEARING

AND NOW, this 14th day of October, 2009, come the above-captioned debtors-in-possession (hereinafter referred to as "Debtors" or "Movants"), by and through their counsel, Knox McLaughlin Gornall & Sennett, P.C. and Guy C. Fustine, Esquire, with this Motion to

Approve Bidding Procedures and Entitlement to Break-Up Fee, with Request for Expedited Hearing, as follows:

1. The Bankruptcy Court has jurisdiction over this Motion under 28 U.S.C. Section 1334, 28 U.S.C. Section 157(a) and the order of reference to the Bankruptcy Court effective in the Western District of Pennsylvania. This is a core proceeding under 28 U.S.C. Section 157(b).

2. This Motion is filed pursuant to 11 U.S.C. Section 363, Bankruptcy Rules 6004, 9014 and 2002, Local Bankruptcy Rule 6004-1, the Court Procedures Manual and the Procedures Applicable to Chief Judge Agresti cases.

3. On January 31, 2009, Debtors filed separate Petitions for Relief under Chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Pennsylvania at Erie. The cases were consolidated for administration at the above-referenced Chapter 11 case number.

4. The Debtors are represented by Guy C. Fustine, Esquire, Joseph F. Gula, III, Esquire and Knox McLaughlin Gornall & Sennett, P.C., 120 West 10th Street, Erie, PA 16501.

5. A Creditors' Committee was appointed and the Committee retained counsel. The attorney for the Creditors' Committee is William C. Price, Esquire, McGuire Woods LLP, 625 Liberty Avenue, 23rd Floor, Pittsburgh, PA 15222-3142.

6. Excalibur Machine Company, Inc. ("Excalibur"), Camelot Consolidated, Inc. ("Camelot") and Blade Transport, Inc. ("Blade"), hereinafter sometimes referred to collectively as "Debtor/Sellers", continue to operate and manage their properties in the ordinary course of business.[1]

---

[1] Multi-Plastics, Inc., Multi-Tool, Inc. and Multi-Plastics of New Mexico, Inc. have entered into an agreement with their primary secured creditor, S&T Bank, for those Debtors to run-out S&T Bank's collateral in accordance with a bankruptcy court approved cash collateral budget. Furthermore, Mercer County State Bank has been granted relief from stay regarding its secured claim against Sipco, Inc. and E.A.H. Industries, Inc.

7. Excalibur, Camelot and Blade entered into an Asset Purchase Agreement dated September 30, 2009 ("Agreement") with Esmark, Inc., a Delaware corporation ("Esmark"), for Esmark to purchase assets as more fully described in the Agreement. The consideration to be paid by Esmark under the Agreement is $3,500,000, subject to higher offers at the sale confirmation hearing, plus an additional $100,000 earmarked for estate professional fees and costs.

8. Esmark is represented by Quinn Buseck Leemhuis Toohey & Kroto, Inc., 2222 West Grandview Boulevard, Erie, PA 16506, Attention: Lawrence C. Bolla, Esquire.

9. The Debtors filed a separate motion for Bankruptcy Court approval of the sale ("Sale Motion"), subject to higher bids at the sale confirmation hearing ("Sale Hearing").

10. Higher bids may be received by the Bankruptcy Court at the Sale Hearing, but only in accordance with procedures approved by the Bankruptcy Court.

11. Debtors anticipate competitive bidding at the Sale Hearing. Debtors believe that pre-approved bidding procedures will encourage the highest bids, and will enable all parties and the Court to quickly analyze the competing bids at the Sale Hearing.

12. The Agreement provides Esmark with the ability to seek approval for a break-up fee in the event that a competing bid from another "Qualified Bidder" is accepted by the Bankruptcy Court as the high bid at the Sale Hearing.

13. Debtors desire to have the bidding procedures and break-up fee process approved in advance of the Sale Hearing, and prior to the October 23, 2009 deadline for the Debtor/Sellers to obtain Bankruptcy Court approval of the bidding procedures and break-up fee as a condition of the sale. Debtors believe that approval of the bidding procedures and break-up fee process will also facilitate and streamline the sale process.

14. If the proposed bidding procedures and ability of Esmark to seek a break-up fee are not approved by the Bankruptcy Court on or before October 23, 2009, Esmark has the right to withdraw its offer.

## BIDDING PROCEDURES

15. If the procedure requested by the Debtors is approved, prospective bidders would be required to register with the attorney for the Debtors, Guy C. Fustine, Esquire, of Knox McLaughlin Gornall & Sennett, P.C., 120 West Tenth Street, Erie, Pennsylvania 16501, 814 459-2800 (telephone), 814-453-4530 (facsimile), or gfustine@kmgslaw.com (email), at least three (3) calendar days prior to the Sale Hearing date to be established by the Bankruptcy Court (the "Registration Deadline"). Registration would include the name, address, contact person, telephone number, fax number, email address and other relevant information regarding the owner or principal of the entity submitting the bid, and the same information from any person or agent who will actually attend the Sale Hearing and attempt to bid.

16. In order to be eligible to bid at the Sale Hearing, i.e. to become a Qualified Bidder, prospective bidders would also be required to provide the attorney for Debtors with the following items prior to expiration of the Registration Deadline:

    (a) A refundable good faith deposit ("Deposit") by wire transfer, certified check or cashier's check made payable to Knox McLaughlin Gornall & Sennett, P.C., Escrow Agent, in the amount of $150,000;

    (b) An executed Escrow Agreement in a form satisfactory to the Escrow Agent; and,

    (c) Sufficient evidence, to be determined in the Debtors' sole and exclusive (but reasonably-exercised) discretion, that the prospective bidder has the financial wherewithal to

close the transaction in the event that it/he/she is the highest bidder for the assets at the Sale Hearing.

17. If and when a prospective bidder becomes a Qualified Bidder, Debtors' counsel shall so advise counsel to Esmark of the identity of such Qualified Bidder.

18. If there is one or more Qualified Bidders other than Esmark who bid at the Sale Hearing, the Bankruptcy Court would then convert the proposed private sale to Esmark into a public sale subject to the same terms and conditions as are set forth in the Agreement, except

(a) The purchase price must be higher as required by the Court-approved bidding procedures;

(b) Qualified Bidders must either waive the financing condition, or must have any necessary financing available before the Registration Deadline for bidding at the Sale Hearing; and,

(c) If the high bidder is a Qualified Bidder other than Esmark, the high bidder would have the right to designate the same or different executory contracts and/or unexpired leases to be assumed by the Debtors and assigned to the purchaser. This will not affect the bidding process because it is the buyer's responsibility to cure any arrearages on the contracts and/or leases which are renegotiated by the purchaser and/or assumed and assigned.

19. If the Court determined to proceed with a public sale at the Sale Hearing, the Court would solicit higher offers from Qualified Bidders, including Esmark. The first higher offer would have to be at least $150,000 more than $3,500,000 or at least $3,650,000 plus the additional $100,000 earmarked for the estate professional fees and costs. Subsequent bids would have to be at least $10,000 more than the prior bid. Debtors will request that the Court approve the highest bid for the assets.

## ENTITLEMENT TO REQUEST BREAK-UP FEE

20. If the Court accepts an offer from a Qualified Bidder other than Esmark, and the sale closes, then Esmark would be entitled to file with this Court a motion requesting payment of the break-up fee in an amount up to $100,000 as contemplated in the Agreement.

21. In the event that a competing offer from another party is accepted by the Bankruptcy Court and the sale does not close, Esmark would be entitled to request a break-up fee as calculated hereinabove to be allowed as an administrative expense entitled to priority under Section 503(b)(1)(A) of the Bankruptcy Code.

22. As partial consideration for its right to request and, if approved by the Bankruptcy Court, to receive a Break-Up Fee under the circumstances hereinabove described, Esmark has agreed to promptly provide prospective bidders (via the Debtors' counsel) with copies of its engineering reports and environmental studies related to the assets, provided that such prospective bidders execute a confidentiality agreement in favor of Esmark, prepared and approved by Esmark's counsel and the Debtors' counsel.

## REQUEST FOR EXPEDITED HEARING

23. The Agreement provides that the Debtors shall obtain Bankruptcy Court approval of the bidding procedures and entitlement to request a break-up fee on or before October 23, 2009.

24. Accordingly, subject to the needs and convenience of the Court, the Debtors request an expedited hearing on the within motion.

WHEREFORE, Debtors pray that the Court approve the foregoing bidding procedures, as well as the potential right of Esmark to request a break-up fee, as set forth above after an expedited notice and hearing, and that the Court grant such other and further relief as is reasonable and just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Attorneys for Debtors


By:   */s/ Guy C. Fustine*
      Guy C. Fustine
      PA I.D. No. 37543
      120 West Tenth Street
      Erie, Pennsylvania 16501-1461
      (814) 459-2800
      gfustine@kmgslaw.com

# 862574.v1