IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>EXCALIBUR MACHINE CO., INC.;<br>CAMELOT CONSOLIDATED, INC.; BLADE<br>TRANSPORT, INC.; MULTI-PLASTICS, INC.;<br>MULTI-TOOL, INC.; MULTI-PLASTICS OF<br>NEW MEXICO, INC.; SIPCO, INC.; AND,<br>E.A.H. INDUSTRIES, INC.,<br><br>            Debtors-in-Possession<br><br>EXCALIBUR MACHINE CO., INC.;<br>CAMELOT CONSOLIDATED, INC.;<br>BLADE TRANSPORT, INC.; MULTI-<br>PLASTICS, INC.; MULTI-TOOL, INC.;<br>MULTI-PLASTICS OF NEW<br>MEXICO, INC.; SIPCO, INC.; AND,<br>E.A.H. INDUSTRIES, INC.,<br><br>            Movants<br><br>            vs.<br><br>NATIONAL CITY BANK (FORMERLY<br>NATIONAL CITY BANK OF<br>PENNSYLVANIA); F.N.B. CAPITAL<br>CORPORATION, LLC; SAMUEL<br>SON & CO., INC.; AND<br>COMMONWEALTH OF<br>PENNSYLVANIA, DEPARTMENT OF<br>REVENUE, BUREAU OF<br>CORPORATION TAXES,<br><br>            Respondents | Case No. 09-10169-TPA<br>(Consolidated for Administration)<br>Chapter 11<br><br>Docket No. 506<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Date and Time of Hearing:<br>November 13, 2009 at 2:00 p.m. |

<u>**ORDER CONFIRMING PRIVATE SALE OF PROPERTY**</u>
<u>**FREE AND DIVESTED OF LIENS**</u>

This _10_ day of November, 2009, on consideration of the motion of the Debtors to sell property free and divested of liens at private sale to Esmark, Inc., as set forth in the Asset

Purchase Agreement dated September 30, 2009, as amended, for consideration in the amount of $1,750,000 for the assets of the Debtors which are subject to the sale, after hearing held on November 13, 2009 at 2:00 p.m. on said motion, the Court finds:

       1.      That service of the motion, notice and scheduling order on said motion for private sale of property free and divested of liens was affected by the moving party as shown by certificate of service duly filed on October 15, 2009 at Docket No. 512 on the following secured creditor(s) whose lien(s) are recited in said motion for private sale, viz:

| Name of Respondent and Date of Service | Nature of Claim and Recording Information |
|---|---|
| National City Bank<br><br>Date of Service:<br>October 15, 2009 | Promissory Note from Excalibur dated 6/1/05, as modified on 12/3/07, in the maximum amount of $4,000,000. Security Agreement covers equipment, fixtures, inventory, chattel paper, accounts, general intangibles and proceeds. Financing Statement filed on 6/15/05 with the Secretary of the Commonwealth of PA at File No. 2005061701227, and on 10/6/06 at File No. 2006101101985. |
| National City Bank<br><br>Date of Service:<br>October 15, 2009 | Promissory Note from Excalibur dated 12/3/07 in the amount of $1,188,221. Security Agreement covers HNK Model VTC20/25, HNK Model 10/12F, accessories and proceeds. Financing Statement filed 12/20/07 at File No. 2007122003592 and 12/31/07 at File No. 2007123103987. |
| National City Bank<br><br>Date of Service:<br>October 15, 2009 | Promissory Note from Excalibur dated 2/23/07 in the amount of $500,000. Security Agreement covers accounts, equipment, inventory, chattel paper, general intangibles and proceeds. Financing Statement filed with the Secretary of the Commonwealth of PA on 2/26/07 at File No. 2007022701250. |
| National City Bank<br><br>Date of Service:<br>October 15, 2009 | Debt of Guaranty and Security Agreement (all inclusive) from Blade. UCC-1 Financing Statement filed against Blade on 10/6/06 and 2/26/07 at Financing Statement Nos. 2006101101973 and 2007022701224, respectively. |
| National City Bank<br><br>Date of Service:<br>October 15, 2009 | Debt of Guaranty and Security Agreement (all inclusive) from Camelot. UCC-1 Financing Statements filed against Camelot on 6/15/05 at Financing Statement No. 2005061701134, 10/6/06 at Financing Statement No. 2006101101947, 2/26/07 at Financing Statement No. 2007022701236, and 12/31/07 at Financing Statement No. 2007123103646. |

| | |
|---|---|
| F.N.B. Capital Corporation, LLC<br><br>Date of Service:<br>October 15, 2009 | Subordinated Note from Excalibur dated 10/6/06 in the amount of $3,000,000. Security Agreement covers accounts, contracts, inventory, equipment, fixtures, general intangibles and proceeds. Financing Statement filed with PA Secretary of State on 10/6/06 at Financing Statement No. 2006101101884. Subject to intercreditor and subordination agreement with National City Bank dated 10/6/06. |
| F.N.B. Capital Corporation, LLC<br><br>Date of Service:<br>October 15, 2009 | Debt of Guaranty and Security Agreement (all inclusive) with Blade. UCC-1 Financing Statement filed on 10/6/06 at Financing Statement No. 2006101101909. |
| F.N.B. Capital Corporation, LLC<br><br>Date of Service:<br>October 15, 2009 | Debt of Guaranty and Security Agreement (all inclusive) with Camelot. UCC-1 Financing Statement filed 10/6/06 at Financing Statement No. 2006101101846. |
| Samuel Son & Co., Inc.<br><br>Date of Service:<br>October 15, 2009 | Consignment Agreement covering stainless steel plate with Excalibur. Financing Statement filed 3/30/05 with PA Secretary of State at Financing Statement No. 2005033104241.[2] |
| Commonwealth of PA, Department of Revenue Bureau of Corporation Taxes<br><br>Date of Service:<br>October 15, 2009 | Possible unrecorded lien for corporate taxes. |

      2.      That sufficient notice of said sale hearing and sale, together with the confirmation hearing thereon, was given to all creditors and parties in interest by the moving party as shown by certificate of mailing duly filed on October 15, 2009 at Docket No. 514;

      3.      That said sale hearing was duly advertised in the *Erie County Legal Journal* on October 30, 2009, the *Erie Times News* on November 4, 2009, the *Crawford County Legal Journal* on November 9, 2009 and *The Meadville Tribune* on November 6, 2009 as shown by Proofs of Publication duly filed on November 12, 2009 at Docket No. 566;

---

1)

[2] The nature, extent and validity of the alleged secured claim of Samuel Son & Co. ("Samuel") was determined by Opinion and Order of the Honorable Warren W. Bentz dated May 13, 2009 at Docket No. 246. The Opinion and Order denied Samuel's objection to the Debtors' motion for authority to use cash collateral.

      4.      That at the sale hearing, no higher offers were received, and the objections to sale were all resolved;

      5.      That the price of $1,750,000 is a fair and reasonable price for the Debtors' Operating Assets (as defined below and as more fully described in the Asset Purchase Agreement), and subject to the conditions of the Asset Purchase Agreement, including the conditions set forth in the Real Property Agreement;

      6.      That the Debtors are not attempting to sell any real property which is owned by non-debtor parties, or to sell any equipment which is leased by the Debtors, and that nothing in this Order is intended to affect the rights of any parties with respect thereto, however, the transfer of the Conveyance Documents (as defined in the Real Property Agreement) to Esmark for the consideration of $1.75 million in the manner described in the Real Property Agreement is a condition precedent to Esmark's obligation to close;

      7.      That execution of the Real Property Agreement (as defined in the Asset Purchase Agreement) as a condition of the sale has been satisfied as evidenced by the fully-executed Real Property Agreement filed of record at Docket No. 570 on November 13, 2009 before the time of the sale hearing; and, that the financing contingency has been waived as evidenced by the Supplement to Asset Purchase Agreement dated November 10, 2009 and filed of record at Docket No. 568; and,

      8.      That the sale is in good faith and Esmark is a good faith purchaser within the meaning of 11 U.S.C. §363(m) and in accordance with In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir., 1986), and Esmark is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

    IT IS ORDERED, ADJUDGED AND DECREED that the Asset Purchase Agreement, as amended, is approved and that the sale of the tangible and intangible personal property owned by the Debtor Excalibur Machine Co., Inc. ("Excalibur"), the Debtor Camelot Consolidated, Inc. ("Camelot") and the Debtor Blade Transport, Inc. ("Blade"), and used in connection with the operation of their on-going business, as more fully described in the Asset Purchase Agreement, including but not limited to vehicles, machinery, fabrications and equipment, accounts receivable and inventory, raw material, work in progress and other inventory, finished inventory, intellectual properties, certain executory contracts and leases, customer lists, customer relationships, software and names (the "Operating Assets") is hereby confirmed to Esmark, Inc., a Delaware corporation, or its assigns, free and divested of the liens hereinabove described, and that the Attorney for Debtors make, execute and deliver to the purchaser the necessary bill of sale and/or any other documents required to transfer title to the Operating Assets upon compliance with the terms of sale, including but not limited to those conditions set forth in the Real Property Agreement as a condition of the sale; and it is

    FURTHER ORDERED, ADJUDGED AND DECREED that the above recited liens be, and they hereby are, transferred to the proceeds of sale allocated to the Operating Assets, if and to the extent they may be determined to be valid liens against the sold property, and that the within decreed sale shall be free, clear and divested of said claims and liens, and that after due

notice to the lien creditors, and no objection on their parts having been made, the costs of sale shall be paid in advance of any distribution to said lien creditors; and it is

FURTHER ORDERED that $270,000 of the proceeds of sale allocated to the Debtors' Operating Assets, plus $100,000 from the purchaser in addition to the purchase price, for a total in the amount of $370,000, shall be set aside and deposited into escrow with Debtors' attorney at the time of closing, pending further order of court; that the balance of the $1,750,000 paid by the purchaser for the Operating Assets of the Debtors, in the amount of $1,480,000 (i.e. $1,750,000 - $270,000 = $1,480,000) shall be paid to National City Bank and F.N.B. Capital Corporation at the time of closing, as they shall designate; and it is

FURTHER ORDERED that moving party shall serve a copy of the within order on each respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the trustee, if any, the attorney for the trustee, if any, the attorney for the debtor, the purchaser, and the attorney for the purchaser, if any, and file a certification of service; and it is

FURTHER ORDERED that Movant shall file a report of sale within ten (10) days after the sale's closing; and it is

FURTHER ORDERED that this sale confirmation order survives any dismissal or conversion of the within case; and it is

FURTHER ORDERED that the findings of fact and conclusions of law stated on the record at the sale hearing and set forth above shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

FURTHER ORDERED, by agreement of all Parties, as a condition of sale approval by the Court, the $370,000 referred to above and "set aside and deposited into escrow", unless modified by subsequent Order of this Court allowing for payment of additional claims, shall be used solely for the purpose of paying unsecured, administrative claims not previously benefitting from any security/collateral and thereafter, unsecured pre-petition claims.

Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

FILED

NOV 18 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE